[No. B258365. Second Dist., Div. Six. Aug. 26, 2015.]

CHARLES M. CROFOOT, Plaintiff and Appellant, v.
KAMALA D. HARRIS, as Attorney General, etc., Defendants and
Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

COUNSEL

Stephane Quinn for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Esther P. Kim, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**GILBERT, P. J.**—A sex offender registration statute in the State of Washington (Washington) allows for termination of registration after 10 years. A similar sex registration statute in the State of California requires lifetime registration. A Washington post-judgment order released defendant, who was a resident of Washington, from registration after 10 years. He is now a resident of California. Here we hold, among other things, that the full faith and credit clause does not require California to recognize the Washington post-judgment order.

Charles M. Crofoot appeals a judgment denying his petition for writ of mandate against respondents Kamala D. Harris, Attorney General of the State of California, and the Department of Justice. Crofoot alleges he is not subject to sex offender registration in California. (Pen. Code, §§ 290, subd. (c), 290.005.)[1]

We conclude, among other things, that (1) Crofoot is required to register as a sex offender in California based upon his Washington conviction of communicating with a child for "immoral purposes of a sexual nature" (see Wn. Rev. Code § 9.68A.090); (2) the full faith and credit clause does not require California to terminate this state's lifetime registration requirement for Crofoot; and (3) Crofoot's equal protection claim was forfeited for this appeal and is not ripe. We affirm.

FACTS

Crofoot pled guilty to the offense of communication with a minor for immoral purposes in Washington in 2000. (Wn. Rev. Code § 9.68A.090.) He was placed on probation. Later, he moved to California. California law requires him to register as a sex offender as a result of his Washington conviction. (§§ 290, subd. (c), 290.005.)

Crofoot filed a petition for writ of mandate against the State of California, the Department of Justice, and the Attorney General. [[]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The trial court denied his petition. It found (1) Crofoot admitted that he communicated with a minor "via the internet, [and] the language and content of the exchange [were] sexually explicit in nature"; (2) this is "abnormal and

---

[1] All statutory references are to the Penal Code unless stated otherwise.

*See footnote, *ante*, page 1125.

unnatural" "sexual misconduct" with a child; (3) Crofoot's conduct in committing the Washington offense "would have resulted in his conviction of Penal Code section 647.6" (annoying or molesting a child) had this offense occurred in California; and (4) consequently, Crofoot must register as a sex offender in California.

## DISCUSSION

[[]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Full Faith and Credit Conflicting Statutes*

Crofoot notes that in September 2014, a Washington state court issued an order terminating his Washington sex offender registration requirement. The court ruled that his registration requirement was properly terminated after 10 years consistent with Washington law. (Wn. Rev. Code § 9A.44.140.) Crofoot claims California's lifetime sex offender registration requirement for him must also terminate now. He argues California's failure to act consistently with Washington violates the full faith and credit clause of the United States Constitution. (U.S. Const., art. IV, § 1.) We disagree.

■ "[T]he full faith and credit clause does not require one state to substitute for its own statute, *applicable to persons and events within it*, the conflicting statute of another state, even though that [latter] statute is of controlling force in the courts of the state of its enactment with respect to the same persons and events." (*Pacific Ins. Co. v. Comm'n* (1939) 306 U.S. 493, 502 [83 L.Ed. 940, 59 S.Ct. 629], italics added.) The full faith and credit clause may not be applied to frustrate a state's *"domestic policy*, in terms declared to be exclusive in its application to persons and events within the state." (*Id.* at p. 503, italics added.)

■ California law requires convicted sex offenders " 'to register for the rest of their lives *while residing in California.*' " (*People v. Kennedy* (2011) 194 Cal.App.4th 1484, 1490 [124 Cal.Rptr.3d 576], italics added; see § 290.) Washington has a different policy and law. While they reside in California, convicted sex offenders who committed their offenses in California or other

---

*See footnote, *ante*, page 1125.

states are subject to this state's sex offender registration laws. Those laws are part of California's "domestic policy": "[M]andating lifetime registration of those who prey on underage victims serves 'to notify members of the public of the existence and location of sex offenders so they can take protective measures.' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 877 [183 Cal.Rptr.3d 96, 341 P.3d 1075].) Consequently, the registration law is intended to protect California residents. (*Ibid.*) "Section 290 'is intended to promote the " 'state interest in controlling crime and preventing recidivism in sex offenders . . . .' " ' " (*Ibid.*)

Crofoot resides in California. His registration is a matter for this state's law enforcement, not Washington's. The California Legislature has determined his conviction makes him a potential threat to California children. (*Johnson v. Department of Justice, supra,* 60 Cal.4th at p. 877.) Washington has no legitimate "domestic" interest in " 'project[ing] its laws across state lines' " to subject California children to the reduced protection Washington provides for its citizens. (*People v. Shear* (1999) 71 Cal.App.4th 278, 288 [83 Cal.Rptr.2d 707].) Such a result would be an intrusion of a foreign policy " 'obnoxious to the public policy of the forum.' " (*Ibid.*) "California's 'significant contact' with defendant, a California resident, creates a ' "state interest[], such that choice of its law is neither arbitrary nor fundamentally unfair." ' " (*Ibid.*) Applying the California registration requirement does not interfere with Washington's interests under the full faith and credit clause. (*Ibid.*; see *Pacific Ins. Co. v. Comm'n, supra,* 306 U.S. at pp. 502–503.)

### Washington Court Judgment

■ Irrespective of California policy, Crofoot contends that in his case requiring his registration violates full faith and credit to a Washington court judgment. We disagree.

In *Rosin v. Monken* (7th Cir. 2010) 599 F.3d 574, a defendant who committed a sex offense in New York claimed he was not subject to Illinois's sex offender registration law. The defendant argued that the New York court had ordered that he was not required to register as a sex offender, and, consequently, it would violate full faith and credit for Illinois to apply its registration law to him. The Seventh Circuit disagreed. "Illinois need not dispense with its preferred mechanism for protecting its citizenry by virtue merely of a foreign judgment that envisioned less restrictive requirements[] being imposed on the relevant sex offender." (*Id.* at p. 577.) "[T]he New York court in the present case 'cannot command obedience elsewhere on a matter

the [New York] court lacks authority to resolve.' " (*Ibid.*) "*New York has no authority to dictate to Illinois the manner in which it can best protect its citizenry from those convicted of sex offenses.*" (*Ibid.*, italics added.)

In *Donlan v. State* (Nev. 2011) 249 P.3d 1231, the defendant, who committed a sex offense in California, was in much the same position as Crofoot, vis-à-vis a registration statute in Nevada. The defendant claimed Nevada violated the full faith and credit clause by requiring him to register as a sex offender. He had pled guilty to lewd conduct with a child in California. Subsequently, "the California Attorney General . . . terminated Donlan's requirement to register in California as a sex offender . . . ." (*Id.* at p. 1232.) The Nevada Supreme Court rejected his full faith and credit claim. It said, "California 'lacks power to dictate the means by which [Nevada] can protect its public.' " (*Id.* at p. 1233.) Consequently, Nevada properly imposed its sex offender registration law on the defendant when he moved to that state, "[e]ven if California imposes less restrictive requirements upon sex offenders." (*Ibid.*)

Moreover, applying California's lifetime registration requirement while Crofoot resides in this state does not interfere with the Washington court's authority. The Washington court imposed a registration requirement to mandate registration "with *the sheriff of the county of the State of Washington*" where Crofoot had resided. (Italics added.) It did not extend its orders beyond its jurisdiction. Washington's interest in Crofoot was attenuated by his move to California in 2001.

If a convicted sex offender from another state moves to Washington, the length of his or her sex offender registration requirement is determined by Washington law, not the law of the state where the conviction occurred. California also applies that procedure by using its own law on the registration requirement for offenders convicted in other states who live here. In this regard, both states' application of their sex offender registration laws to out-of-state offenders is in harmony by preserving their domestic interests in regulating these individuals who live in their jurisdictions. Crofoot has not shown a violation of the full faith and credit clause.

[[]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1125.

We have reviewed Crofoot's remaining contentions and we conclude he has not shown grounds for reversal.

The judgment is affirmed.

Yegan, J., and Perren, J., concurred.

A petition for a rehearing was denied September 16, 2015, and appellant's petition for review by the Supreme Court was denied November 10, 2015, S229758.